```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------
ANGELA LAVI MOTTAHEDEH, as Trustee of
The Trust Agreement dated November 8, 1993,

                    Plaintiff,               MEMORANDUM AND ORDER
                                             12-CV-3641 (DRH)(AKT)
        -against-

THE UNITED STATES OF AMERICA,

                    Defendant.

----------------------------------------------------X
```

**APPEARANCES:**

**For the Plaintiff:**
**Angela Lavi Mottahedeh**
Levine & Associates, P.C.
15 Barclay Road
Scarsdale, NY 10583
By:    Michael L. Levine, Esq.

**For the Defendant:**
**U.S. Department of Justice, Tax Division**
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
By:    Bartholomew Cirenza, Esq.


**HURLEY, Senior District Judge:**

      Plaintiff Angela Lavi Mottahedeh ("plaintiff") commenced this action against defendant United States of America ("defendant") pursuant to 26 U.S.C. § 7426 seeking reimbursement for money allegedly owed to plaintiff as a result of a wrongful levy and threatened sale of property belonging to the plaintiff by the Internal Revenue Service ("IRS") to satisfy an income tax deficiency on the part of plaintiff's father Parviz Lavi (" P. Lavi").

      Presently before the Court are defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and plaintiff's cross-motion to file an

amended complaint pursuant to Rule 15.  For the reasons set forth below, defendant's motion to dismiss the Complaint is granted and plaintiff's motion to file an amended complaint is denied.

## BACKGROUND

The following facts are taken from the Complaint filed in this action.

*The Trust*

On November 8, 1993, P. Lavi created a trust ("the Trust") for the benefit of Edmond Lavi, Edward Lavi, and plaintiff.  Plaintiff was appointed as Trustee.  On June 2, 1997, P. Lavi agreed to assign his entire right, title and interest in 19 shares of Old Cedar Development Corporation ("OCDC") stock to the Trust via a Stock Power.  Pursuant to the Stock Power, Old Cedar Development Corp. transferred the OCDC stock to the plaintiff as Trustee and issued a new share certificate to her.

*The Levy*

On October 15, 2009, the IRS served a Notice of Levy and Notice of Seizure of the OCDC stock in order to satisfy a tax deficiency of P. Lavi for tax years 1979 and 1980.  On September 2, 2010, the IRS issued a Notice of Public Auction Sale, threatening to conduct a sale on September 29, 2010 of the 19 shares of OCDC stock.  In order to avoid the sale, plaintiff paid P. Lavi's entire tax liability in the amount of $2,915,000.00 on or about July 28, 2010.  Plaintiff now seeks to recover that amount plus interest as a result of what she alleges was a wrongful levy on her property.

## DISCUSSION

**I.** *Defendant's Motion to Dismiss*

Defendant argues that plaintiff's action should be dismissed under Rule 12(b)(1) [1] because it is time-barred pursuant to § 6532(c) of the Internal Revenue Code. That section provides that a wrongful levy suit brought under § 7426 by someone other than the taxpayer whose liability is the purpose of the levy must be brought within "9 months from the date of the levy or agreement giving rise to such action." As defendant argues, "the IRS served the disputed levy on October 15, 2009," and the "9-month period of time within which plaintiff could commence an action in this Court to challenge the levy expired on July 15, 2010." (Def.'s Mem. in Supp. at 4.) According to defendant, since plaintiff commenced the action on July 23, 2012, more than two years after the expiration of the nine month period, this action is time-barred. *Id*.

Plaintiff raises a number of arguments in response. First, plaintiff argues that the action is viable because defendant was on notice of her claim by virtue of her timely commencement of a prior § 7426 action not mentioned in the Complaint. In her brief, plaintiff explains that she brought an action on August 27, 2009 ("the Prior Action") pursuant to § 7426 based on an earlier February 2009 levy on the OCDC stock. Plaintiff argues that based on the Prior Action, "the IRS *clearly* had adequate notice of Plaintiff's claim, chose to ignore the same, and proceeded ahead with a threatened sale knowing that Plaintiff would have a subsequent claim for money damages." (Pl.'s Mem. in Opp'n at 12.)

Plaintiff does not cite any authority for her position, and she admits that after the court did not award plaintiff a preliminary injunction prohibiting the sale of the stock and an order directing the IRS to return the stock certificates to plaintiff, she "voluntarily discontinued the

---

[1] Although defendant asserts that both 12(b)(1) and 12(b)(6) are grounds for dismissal, the appropriate ground is 12(b)(1), for "[w]hen a plaintiff who sues the United States fails to comply with the relevant statute of limitations, the court is deprived of subject matter jurisdiction." *Meminger v. United States Internal Revenue Service*, 1993 WL 17311 (S.D.N.Y. Jan 21, 1993) (citing *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991).

original action" on September 16, 2009. (Pl.'s Mem. in Opp'n at 6.) Despite having timely commenced the Prior Action, the fact remains that plaintiff filed this action more than nine months after the October 15, 2009 levy, the only levy mentioned in plaintiff's Complaint. Plaintiff cannot now claim that the lawsuit based on the February 2009 levy, which plaintiff voluntarily dismissed, put defendant on notice of a potential claim based on a subsequent levy.

Additionally, plaintiff argues that the statute of limitations has not run because there has been no sale of the property. According to § 6511(c)(1), the statute of limitations on plaintiff's claim runs from "the date of the levy." Plaintiff relies on *EC Term of Years Trust v. United States*, 550 U.S. 429, 431 (2007) where the Court adopted the Black's Law Dictionary definition of the term "levy" meaning a "legally sanctioned seizure **and** sale of property."[2] According to plaintiff, "in order for there to have been a 'levy' for the purpose of commencing the running of the statute of limitations, there must have been a 'sale' of the property seized." (Pl.'s Mem. in Opp'n at 13.)

Plaintiff's argument, however, is unavailing as one of the cases plaintiff cites in support, *Austin and Laurato, P.A., v. United States*, actually rejects plaintiff's position. 2012 WL 5907066 (M. D. Fla. Nov 26, 2012). In that case, the court held that "the clear language of [26 U.S.C. § 6532(c)], coupled with the absence of any persuasive authority to the contrary, mandates the starting date urged by the government – the date the recipient receives the notice of the levy." *Id*. at *6 (collecting cases). Courts within this circuit have similarly "interpreted the 'date of levy' as the date on which the person possessing the property received notice of the levy." *Meminger v. U.S. I.R.S.*, 1993 WL 17311, at *3 (S.D.N.Y. Jan. 21, 1993) (collecting

---

[2] As discussed in further detail below, the Court in *EC Term of Years* analyzed whether a plaintiff whose wrongful levy action was time barred could bring an action for a tax refund pursuant to 28 U.S.C. § 1346. The Court did not analyze whether plaintiff's § 7426 action was time barred and its holding did not rely on the definition of the term "levy."

4

cases). Since plaintiff received notice of the levy on October 15, 2009, and plaintiff filed this action more than nine months later, plaintiff's claims are barred by the statute of limitations.

**II.**     ***Plaintiff's Request for Leave to Add a Claim Pursuant to 28 U.S.C. § 1346***

Plaintiff seeks leave to amend her Complaint to add a claim for a recovery under 28 U.S.C. § 1346(a)(1). Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). An "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, however, the Court will not grant leave to amend because plaintiff's sole remedy is a § 7426 claim.

Section 1346 allows for civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . .under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). Plaintiff contends that she is owed a refund pursuant to § 1346 because she paid "the entirety of the tax arrears claimed to be due by the IRS from [P.] Lavi." (Pl.'s Mem. in Opp'n at 15.)

Plaintiff relies primarily on *United States v. Williams*, 514 U.S. 527 (1995) in support of her position. There the Supreme Court held that an individual "who paid a tax under protest to remove a lien on her property, ha[d] standing to bring a refund action under 28 U.S.C. § 1346(a)(1), even though the tax she paid was assessed against a third party." *Williams*, 514 U.S. at 529. Plaintiff argues that she is entitled to bring a §1346 claim because just as in *Williams*, plaintiff's "main challenge is to the existence of a lien against (and threatened sale of) *her* property, rather than to the underlying assessment on [P.] Lavi." (Pl.'s Mem. in Opp'n at 17.) The Supreme Court in *EC Term of Years*, however, explained that the *Williams* Court reached its

5

holding "on the specific understanding that no other remedy, not even a timely claim under § 7426(a)(1), was open to the plaintiff." 550 U.S. at 434-35. Here however, plaintiff could have timely filed a § 7426(a)(1) claim. Moreover, the *EC Term of Years* Court noted that "Congress specifically tailored § 7426(a)(1) to third-party claims of wrongful levy, and [noted that] if third parties could avail themselves of the general tax-refund jurisdiction of § 1346(a)(1), they could effortlessly evade the levy statute's 9-month limitations period thought essential to the Government's tax collection." *Id*. at 434.[3] As a result, the Court will not permit plaintiff to amend the Complaint to add a § 1346 refund claim.

## III. *Equitable Tolling*

Finally, plaintiff argues that the statute of limitations on the § 7426 claim should be equitably tolled because "of the misleading notice of lien and notice of levy served by the IRS in connection with the old cedar stock." (Pl.'s Mem. in Opp'n at 20.) According to plaintiff, "the shares were levied upon only to secure what the IRS claimed was a lien in the amount of $147,861.91," but the 2010 Notice of Sale of the OCDC stock "purported to be with respect to a 'liability' of [P.] Lavi of some $2,777,893.88." (*Id*. at 20.) Additionally, plaintiff argues that since she was "relegated to the status of having to pay the asserted liability *in full* and seek to contest the payment by way of a refund request . . . the applicable statute of limitations was equitably tolled as a result until the standard two year period for the request for a refund." (*Id*. at 21.)

---

[3] As defendant notes, a plaintiff bringing a claim under § 1346(a)(1) must first file an administrative claim for a refund within "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. §§ 7422, 6511. Here, it is not clear from the plaintiff's submissions whether plaintiff has filed the administrative claim with the IRS within the proper time period and would be able to sustain a §1346 claim.

The pivotal question the Court must answer is whether § 6532(c) authorizes equitable tolling. *See United States v. Brockamp*, 519 U.S. 347, 348-49 (1997) (holding that equitable reason would permit tolling "*if, but only if*, § 6511 contains an implied 'equitable tolling' exception" and that § 6511 contains no such implied exception).[4] Plaintiff does not cite any authority demonstrating that § 6532(c) contains an implied equitable tolling provision, nor is the Court aware of any case in this circuit where the court equitably tolled the nine month statute of limitations applicable to § 7426 claims. Furthermore, as noted in *EC Term of Years*, the nine month statute of limitations is applied strictly for good reason. 550 U.S. at 431-32 ("the demand for greater haste when a third party contests a levy is no accident . . ., '[s]ince after seizure of property for nonpayment of taxes [an IRS] district director is likely to suspend further collection activities against the taxpayer, it is essential that he be advised promptly if he has seized property which does not belong to the taxpayer' ") (internal citation and quotation marks omitted). As a result, the Court denies plaintiff's request that the statute of limitations be equitably tolled.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted and plaintiff's motion to amend is denied. The clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
      July 30, 2014

_____/s/_____
Denis R. Hurley
United States District Judge

---

[4] *Brockamp*, cited by the defendant, relies on the general proposition that "[t]ax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities." 519 U.S. 347 at 352.)